UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                               :

SONJA KINGSLEY,                                  :
                              Plaintiff,        :
                                                     :          12 Civ. 234 (JPO)
                         -v-                          :          12 Civ. 350 (JPO)
                                                     :
BMW OF NORTH AMERICA LLC et al.,     :          MEMORANDUM
                      Defendants.  :            AND ORDER
                                                     :
--------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Presently before the Court are Defendant National Highway Traffic Safety Administration's ("NHTSA's") (1) motion to dismiss Plaintiff's claims against NHTSA or to transfer to a district where venue is proper (Dkt. No. 9 in Case No. 12 Civ. 234) and (2) motion to dismiss for lack of jurisdiction and to substitute the United States of America as a defendant (Dkt. No. 4 in Case No. 12 Civ. 350). Also before the Court is *pro se* Plaintiff Sonja Kingsley's "motion to dismiss case 12 Civ. 234 and proceed with case 12 Civ. 350 in the Southern District Court" (Dkt. No. 17 in Case No. 12 Civ. 234 and Dkt. No. 12 in Case No. 12 Civ. 350).[1]

       For the reasons discussed below, the Court grants Plaintiff's motion to dismiss Case Number 12 Civ. 234. The Court also grants NHTSA's motion to dismiss NHTSA as a Defendant in Case Number 12 Civ. 350. The Court further determines that it lacks subject matter jurisdiction over this matter and remands the remaining claims to Supreme Court of the State of New York, County of New York ("the State Court").

---

[1] It appears that Plaintiff intended her "motion to dismiss case 12 Civ. 234 and proceed with case 12 Civ. 350 in the Southern District Court" to serve as an opposition to NHTSA's motion to dismiss in Case Number 12 Civ. 350, and the Court construes it as such. Accordingly, the Court refers to this filing throughout this opinion as Plaintiff's Opposition.

**I.        Background**

Plaintiff initiated these actions by filing a complaint against BMW of North America ("BMW") and NHTSA in the State Court on or about October 28, 2011 under Index Number CV-056163.  The complaint alleges that Plaintiff has suffered loss of the use of her property, a Mini Cooper automobile manufactured by BMW, and demands that Defendants replace the transmission and the clutch or compensate her in the amount of $15,000.  (Dkt. No. 1 in 12 Civ. 350.)  NHTSA removed this action from state court to this Court on January 17, 2012, and the case was assigned docket number 12 Civ. 350.  (*Id.*)

On January 11, 2012, plaintiff initiated a separate, similar action against BMW and NHTSA in this Court, which was assigned docket number 12 Civ. 234.  On February 1, 2012, Plaintiff filed an amended complaint asserting more detailed claims against BMW and the NHTSA in relation to problems Plaintiff has had with two Mini Coopers that were manufactured by BMW; the amended complaint was docketed in Case Number 12 Civ. 234.  (Dkt. No. 8 ("Amended Complaint").)[2]

Defendant NHTSA has filed motions to dismiss in both cases.  On January 24, 2012, in Case No. 12 Civ. 350, NHTSA filed a motion to substitute the United States as a Defendant and to dismiss Plaintiff's claims against the United States.  On March 8, 2012, in Case No. 12 Civ. 234, NHTSA filed a motion to dismiss the complaint or to transfer venue to the Eastern District of New York.

By order dated March 13, 2012, the Court ordered Plaintiff to serve any opposition to NHTSA's motions by April 10, 2012 or to notify the Court that she does not intend to proceed

---

[2] In considering NHTSA's motions to dismiss, the Court has considered all the allegations made by Plaintiff in the operative complaints in both Case No. 12 Civ. 234 and Case No. 12 Civ. 350.  In light of Plaintiff's *pro se* status, the Court has also considered the allegations and arguments in Plaintiff's Opposition.  The Court has also drawn all reasonable inferences in Plaintiff's favor.

2

with one or both of the cases. On April 12, 2012, Plaintiff filed her "motion to dismiss case 12 Civ. 234 and proceed with case 12 Civ. 350 in the Southern District Court." (Dkt. No. 17 in 12 Civ. 234; Dkt. No. 12 in 12 Civ. 350 ("Plaintiff's Opposition").)

NHTSA responded by letter dated April 16, 2012; BMW responded by letter dated April 17, 2012.

## II.   Legal Standard

Generally, a claim may be properly dismissed for lack of subject matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction. *Id.* The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). When a court evaluates a motion to dismiss for lack of subject matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova,* 201 F.3d at 113).

District courts "remain obligated to construe *pro se* complaints liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (citations omitted).

## III.   Plaintiff Has Failed to State a Claim against NHTSA

### A.   Tort Claims

To the extent that Plaintiff's pleadings can be construed to assert a tort claim against NHTSA, Plaintiff appears to have abandoned it. In Plaintiff's Opposition, she states that she

3

"wants to make clear that she is **not** seeking money from the NHTSA or any other governmental entity." (Plaintiff's Opposition at 2 (emphasis in original).) Instead she demands that NHTSA or the Department of Justice "go after BMW." (*Id.*) Plaintiff appears to be asserting a claim for injunctive relief, rather than damages in tort.

In any event, even if Plaintiff has not abandoned her tort claim, any tort claim must be dismissed because this Court lacks subject matter jurisdiction over such a claim. NHTSA is an operating administration of the Department of Transportation, and, as such, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (the "FTCA"), provides the exclusive remedy with respect to any tort claim that Plaintiff may intend to assert against NHTSA.

Plaintiff cannot assert a FTCA claim against NHTSA directly. The United States is the only proper defendant in an action brought pursuant to the FTCA. *See, e.g.*, *Baptiste v. Warden At Ottisville, FCI New York*, No. 09 Civ. 5523, 2010 WL 3185748, at *9 (S.D.N.Y. Aug. 11, 2010) ("The FTCA precludes tort suits against federal agencies and makes the only proper federal institutional defendant in such an action the United States.") (internal citations omitted); *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991). Here, the United States Attorney for the Southern District of New York requests that the United States be substituted for NHTSA as the proper party and then that the claims against the United States be dismissed. (Dkt. No. 4 in 12 Civ. 350.) However, substituting the United States for NHTSA in this action would be futile.

The United States can be sued only with its consent and must waive sovereign immunity for federal subject matter jurisdiction to exist. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA is a limited waiver of the United States' sovereign immunity, which permits common law tort suits against the federal government where certain conditions have been met. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). Specifically, a plaintiff is required to

exhaust administrative remedies prior to commencing a suit under the FTCA in federal court. 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). "The requirement that an administrative claim be filed and finally denied 'is jurisdictional and cannot be waived.'" *Papadopoulos v. Astrue*, No. 10 Civ. 7980, 2011 WL 5244942, at *11 (S.D.N.Y. Nov. 2, 2011) (citing *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983).

Here, Plaintiff does not allege that she has fulfilled the FTCA's administrative claim requirement prior to commencing suit or that she has filed any administrative claim at all. This Court therefore lacks subject matter jurisdiction over any claim brought against the United States under the FTCA. *See, e.g.*, *Adekoya v. Federal Bureau of Prisons*, 08 Civ. 1484, 2009 WL 1835012, at *2 (S.D.N.Y. June 18, 2009) (dismissing FTCA claims as to all defendants for lack of jurisdiction where plaintiff failed to exhaust administrative remedies).

Accordingly, any tort claim against NHTSA is dismissed. NHTSA is not the proper defendant, and this Court lacks subject matter jurisdiction to adjudicate a tort claim against the United States.

### B.   Injunctive Relief

Plaintiff's claims for injunctive relief against NHTSA also fail. In her Amended Complaint, Plaintiff asks the Court to order NHTSA "to order a recall of **all** Mini Coopers from 2002 – 2011 for transmission and steering defects" or, in the alternative, "to order a ban of the importation of Mini Coopers into the United States and to deport Ludwig Willisch back to Germany" until BMW agrees to a recall. (Amended Compl. at 5.) In Plaintiff's Opposition,

Plaintiff clarifies that she is not seeking monetary damages from NHTSA, but rather that NHTSA be compelled to "go after" BMW.

The Court liberally construes Plaintiff's claim for injunctive relief against NHTSA as being brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1) (the "APA"), which provides a cause of action to "compel agency action unlawfully withheld or unreasonably delayed." A claim brought pursuant to the APA "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original). In other words, the APA only provides a basis for the Court to compel an agency to take an action that it is "legally required" to undertake. *Id.* at 65; *see also Benzman v. Whitman*, 523 F.3d 119, 130-31 (2d Cir. 2008) (no remedy available to plaintiffs under section 706(1) of the APA where they could not point to any statute or regulation that "required" agency to undertake action). Furthermore, Plaintiff is entitled to compel an agency only if the relief sought is "discrete," and not "programmatic." *Norton*, 542 U.S. at 64.

In the instant action, Plaintiff has not stated a claim for relief against NHTSA because the relief sought is neither "required" nor "discrete." The National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, et seq., which NHTSA administers, does not provide a basis to compel NHTSA to "go after" BMW, and Plaintiff has not pointed to any other statutory or regulatory basis for the relief requested. Likewise there is no basis on which to order NHTSA to compel the deportation of Mr. Willisch. Moreover, the relief sought—an order compelling BMW to recall all Mini Coopers sold between 2002 and 2011and to deport Mr. Willisch—is in no way

discrete.  Plaintiff's requested relief extends far beyond the scope of her alleged injuries, even applying the broadest construction to her alleged injuries, as the Court must.[3]

Accordingly, the Court concludes that Plaintiff has failed to state a claim against Defendant NHTSA.  NHTSA is therefore dismissed from these actions.

## IV.     The Court Lacks Subject Matter Jurisdiction

Having dismissed the claims against defendant NHTSA, the Court must consider whether it retains subject matter jurisdiction over the remaining claims against defendant BMW.  The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a "federal question" is presented (§ 1331) or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000 (§ 1332).  "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quotation omitted).  And "[w]here jurisdiction is lacking . . . dismissal is mandatory." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d

---

[3] In addition, it is doubtful that Plaintiff has standing to pursue her claim for injunctive relief against NHTSA.  It is questionable whether an order compelling NHTSA to recall all Mini Coopers from 2002-2011 would redress any injury that Plaintiff personally has suffered or will suffer in the future.  *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") (internal citations omitted); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (the standing requirement encompasses "the general prohibition on a litigant's raising another person's legal rights") (citations omitted).

Case 1:12-cv-00234-JPO   Document 18   Filed 05/08/12   Page 8 of 10

336, 338 (2d Cir. 1975). Here, Plaintiff's allegations against BMW, relating to difficulties with her Mini Coopers, do not arise under the Constitution or any federal law. The Court therefore does not have federal question subject matter jurisdiction over Plaintiff's claims against BMW.

Federal jurisdiction is also not available under 28 U.S.C. § 1332 because Plaintiff fails to allege diversity of citizenship between herself and Defendant and fails to allege facts to support an allegation that the amount in controversy exceeds $75,000. "It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). For the purpose of § 1332(a), an individual's citizenship is determined by domicile, which is established at the time a case is filed. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Domicile is determined by the party's place of residence and his or her intent to remain in that place indefinitely. *Id.*; *Housand v. Heiman*, 594 F.2d 923, 926 n. 6 (2d Cir. 1979). A corporation is a citizen of the state(s) in which it is incorporated and has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Here, Plaintiff alleges that she is a citizen of New York, but fails to allege that BMW is a citizen of a different state. She therefore fails to allege diversity of citizenship between herself and BMW.

Even if the parties' citizenship were diverse, Plaintiff still fails to set forth plausible facts to support an allegation that the amount in controversy exceeds $75,000. *See Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (party invoking diversity jurisdiction must allege to a "reasonable probability" that claim is in excess of $75,000) (citation omitted); *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (dismissal appropriate where "the court is convinced to a legal certainty that the plaintiff cannot

recover an amount in excess of the minimum statutory jurisdictional amount") (internal citations omitted).

Plaintiff seeks damages in relation to the cost of the repair of her transmission, clutch, windows, car battery, electrical system, air conditioner, steering pump, and the cost of the yearly car inspection. (Amended Compl. at 4.) Plaintiff also seeks "compensation for the many months of inconvenience she had to endure without the use of her vehicle, compensation for the months she had to continue to make monthly payments on her inoperable vehicle and future payments if car is not repaired, and if plaintiff is hired for the job in Los Angeles but can't take it because she had no vehicle she demands compensation for that too." (Amended Compl. at 5.) Plaintiff has alleged that although the current Kelly Blue Book value of her car is approximately $7,000, the repairs that are required for her car exceed this amount. She alleges that she was told that the price for a new transmission would be $8,000 while the cost of a new clutch would be $3,700. Plaintiff further asserts that she still owes the "finance company" $6,000 for her car. The Court concludes that while it is not inconceivable that Plaintiff's remaining claimed damages might amount to several thousand more dollars, Plaintiff has not alleged facts sufficient to show that her damages could exceed the $75,000.00 jurisdictional limit. Plaintiff therefore has failed to allege that this Court has diversity jurisdiction over these claims.

In sum, viewing the *pro se* complaint with the latitude it deserves and construing all facts in Plaintiff's favor, the Court concludes that it lacks subject matter jurisdiction over the claims remaining against BMW. The Court declines to exercise supplemental jurisdiction over any claims that Plaintiff may be attempting to assert against BMW under New York law and remands this action to state court pursuant to 28 U.S.C. 1447(c).

**V.     Conclusion**

Plaintiff's motion to dismiss case 12 Civ. 234 is granted.  NHTSA's motion to dismiss NHTSA as a defendant from 12 Civ. 350 is granted.

The Clerk of Court is directed to close case 12 Civ. 234 and to remand case 12 Civ. 350 to New York Supreme Court, County of New York.

SO ORDERED.


Dated:  New York, New York
        May 7, 2012

_____
J. PAUL OETKEN
United States District Judge